# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIO BADILLO,<br><br>       Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Case No.  1:20-cv-00393-SAB<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE AND REQUIRING PLAINTIFF TO FILE LONG FORM APPLICATION AND SUPPORTING DOCUMENTATION, OR PAY FILING FEE<br><br>(ECF No. 6)<br><br>TWENTY-DAY DEADLINE |

On March 16, 2020, Cecilio Badillo ("Plaintiff") filed a complaint in this action seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (ECF No. 1.)  Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  On March 24, 2020, the Court reviewed Plaintiff's application and found that it did not provide sufficient information for the Court to determine if he was entitled to proceed in this action without prepayment of fees.  (ECF No. 3.)  Specifically, Plaintiff's initial IFP application proffered that: (1) his wife receives income in the amount of $2,000.00 per month; (2) he owns a house valued at approximately $250,000.00 with a monthly mortgage payment of $719.00; (3) he owns a 2017 Ford F150 valued at $47,000.00; (4) he owns a 2012 Mercedes valued at $27,000; (5) he pays

1

1   $302.00 per month for utilities and cell phone; (6) he pays $68.00 per month for credit card

2   payments; (7) he pays $100.00 per month in gas; and (8) he pays $300.00 per month in car

3   insurance.  (ECF No. 2.)  Thus, Plaintiff claimed $2,000 per month in income, and $2,489 in

4   expenses.  While the value of the cars was provided, the amount of the monthly payment was not

5   provided.  Rather, Plaintiff indicated an adult son pays for the car payments.  Plaintiff also

6   indicated that the adult son paid for the monthly mortgage payment as well.  Plaintiff also stated

7   he has a twelve year old son who is dependent upon him for support.  Given the stated income

8   and the content of the application, the Court found the application did not demonstrate that

9   Plaintiff was entitled to proceed without prepayment of fees in this action.  (ECF No. 3.)

10  Plaintiff was ordered to file a long form application to proceed *in forma pauperis* within twenty

11  days of March 24, 2020.  (Id.)

12      On April 10, 2020, Plaintiff filed a long form application, however, the information

13  submitted in the April 10, 2020 application was inconsistent with that contained in the March 16,

14  2020 application.  (ECF Nos. 2, 4.)  In the March 16 application, Plaintiff stated that his wife

15  received a monthly income of $2,000.00 per month.  (ECF No. 2.)  In the April 10 application,

16  Plaintiff stated that his wife had no income over the last 12 months but further down in the

17  application stated that she was making $2,500.00 per month between January 1, 2020, and March

18  25, 2020.  (ECF No. 4 at 2.)  Plaintiff indicated his wife's work ended because it was only

19  seasonal.  (Id. at 5.)  The application now stated Plaintiff's house was worth $220,000.00, rather

20  than $250,000.00, as indicated in the previous application.  (Id. at 3.)  Plaintiff no longer

21  indicated that the the monthly mortgage payment of $720.00 was being paid for by the adult son,

22  however, still indicated that the son pays for the car payments on the Ford truck and Mercedes,

23  in the amount of $535.00 and $640.00 per month, respectively.  (Id. at 4.)  In addition to the

24  mortgage payment of $720.00, Plaintiff also listed the following expenses: (1) $400.00 for

25  utilities; (2) $1,000.00 for food; (3) $100.00 for clothing; (4) $40.00 for clothing; and (5)

26  $100.00 for transportation.  (Id. at 4-5.)  The total monthly expenses were thus $2,360.00, not

27  including the car payments which were paid by the adult son.

28      On April 13, 2020, based on the inconsistent information contained in the application and

2

the significant expenses listed, Plaintiff was ordered to either pay the filing fee or file a long form application to proceed *in forma pauperis* within twenty days of entry of the order.  (Id.) Plaintiff was also advised that pursuant to Rule 11 of the Federal Rules of Civil Procedure, by presenting a pleading, written motion, or other paper to the Court he is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."  Fed. R. Civ. Proc. 11(b).

On May 4, 2020, Plaintiff filed another long form IFP application.  (ECF No. 6.)  In the first portion of the application, Plaintiff now does list income from his spouse in the last 12 months in the amount of $2,000.00, but again inconsistently lists the previous income as totaling $2,500.00 per month between the period of January 1, 2020, and March 25, 2020, in the next portion of the application.  (ECF No. 6 at 2.)  Plaintiff's expenses are approximately the same as the previous application, however Plaintiff does now incorporate the two car payments paid by the son into the total sum of monthly expenses.  Plaintiff lists: (1) $720.00 for the mortgage; (2) $390.00 for utilities; (3) $1,000.00 for food; (4) $100.00 for clothing; (5) $40.00 for laundry; (6) $100.00 for transportation; (7) $640.00 for a Mercedes vehicle; and (8) $535.00 for a Ford truck. (ECF No. 6 at 4.)  The monthly expenses thus total $3,525.00, but omit the $300.00 per month insurance payment listed in the initial application.  (ECF No. 6 at 5.)  Plaintiff also attaches a declaration from his adult son, who declares that he helps pay all bills when his parents cannot do so, and indicates he is paying all of the above listed expenses, aside from the $240.00 listed for laundry, transportation and clothing, and thus pays $3,285.00 per month for the monthly expenses.  (ECF No. 6-1 at 2.)  Plaintiff also attaches a payroll document demonstrating a

weekly gross income of $1,100.04 for the adult son.  (Id. at 3.)

As shown above, Plaintiff's three applications are inconsistent with one another, and significantly, the current application still contains an internal inconsistency regarding the spouse's previous income, listed as $2,000.00 at one point, and $2,500.00 at another point.[1] Further, while Plaintiff indicates an inability to pay the filing fee for this action, Plaintiff's purported expenses do not suggest that Plaintiff is living in poverty.  The reported expenses include car payments for two vehicles that exceed $1,200.00 per month, and $1,000.00 per month in food expenses.  Although Plaintiff's first application indicated a car insurance payment of $300.00 per month, the later two applications omit any such expense.  (ECF Nos. 2, 4, 6.)  If the insurance payment is included, Plaintiff's monthly expenses for just these two vehicles total $1,500.00 per month, more than twice the claimed monthly mortgage payment, an amount that is nearly four times the filing fee for this action.  Given the inconsistencies and what appear to be significant expenses beyond the necessities of life that would counter a finding of poverty, the Court shall require Plaintiff to file additional long form application that is completed consistently and thoroughly, as well as supplemental documentation supporting the allegations of poverty. The Court shall now provide some background regarding the IFP statute and its application so that Plaintiff may consider whether he is entitled to proceed IFP before proceeding with another application.

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  See, e.g., Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).  The 2020 Poverty Guidelines for the 48 contiguous states for a household of three is $21,720.00.  2020 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 13, 2020).

---

[1] Plaintiff indicates his spouse is not working because the work is seasonal but Plaintiff states the spouse is not receiving unemployment income nor indicates any attempt or inability to receive such.

"To proceed in forma pauperis is a privilege not a right."  Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965).  In enacting the *in forma pauperis* statute, "Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs of litigation."  Denton v. Hernandez, 504 U.S. 25, 31 (1992) (internal quotations and citations omitted).  "At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Id. (internal quotations and citation omitted).

In applying the *in forma pauperis* statute, the "court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities . . .  [b]ut, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (internal citations omitted); see also Salat v. Wilson, No. 216CV03018APGPAL, 2017 WL 4269958, at *1–2 (D. Nev. Sept. 26, 2017).  "[T]here is no bright-line demarcation [but] [a]t bottom, the recipe to be utilized must be one in which ingredients of fairness and human decency are brewed in a cauldron of economic reality."  586 F. Supp. at 850.  "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is . . . [c]onversely, if a contribution towards such expenses is outside an applicant's means or would so deplete his resources as to work a deprivation of basic human needs, resort to forma pauperis is entirely appropriate."  Id. at 851 (internal quotations and citations omitted).

While "a plaintiff need not demonstrate that he is completely destitute . . . his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of

life." Andres v. Carmona, No. 119CV00744DADJLTPC, 2019 WL 4920957, at *1 (E.D. Cal. July 11, 2019).  "A showing of something more than mere hardship must be made." Id. (internal citations omitted).  It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his poverty.  United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).  "[I]t is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness, and certainty." Id. (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960)).  Further, "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source." Evans v. Sherman, No. 119CV00760LJOJLTPC, 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995)); see also Kurz v. Zahn, No. 1:11-CV-00342-EJL, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on her list of monthly obligations, even generously construed, be considered as the 'necessaries of life.' ").

Accordingly, the Court will order Plaintiff to complete and file another Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239, and provide supporting documentation demonstrating expenses and income from January 1, 2020, the date indicated on the most recent IFP application that Plaintiff's spouse's most recent job position began (ECF NO. 6 at 2), until today.  If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

Based upon the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis* is DENIED without prejudice;

2.  The Clerk of the Court is directed to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiff;

3.  Within **twenty (20) days** of the date of this order, Plaintiff shall either (1) pay the $400.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239;

4.    If Plaintiff chooses to file another Long Form Application, Plaintiff shall also submit documentation in support of the application that demonstrates all income and expenses, including documentation showing how the expenses are being paid, such as by Plaintiff's adult son, from the time period of January 1, 2020, to the present, including but not limited to credit card statements, mortgage statements, income paystubs, auto loan statements, utility bills, and other documentation that substantiates the claimed amounts in the application; and

5.    If Plaintiff fails to comply with this order, this action shall be dismissed for failure to pay the filing fee and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   __**May 14, 2020**__                    _____
                                        UNITED STATES MAGISTRATE JUDGE