# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIO BADILLO,<br><br>           Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No.  1:20-cv-00393-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN MATTER TO DISTRICT JUDGE<br><br>(ECF Nos. 2, 4, 6, 9)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Cecilio Badillo's fourth application to proceed in this action without prepayment of fees, filed on June 22, 2020.  For the reasons, discussed below, the Court recommends that Plaintiff's application be denied.

**I.**

**BACKGROUND**

On March 16, 2020, Plaintiff filed a complaint in this action seeking review of the final decision of the Commissioner of Social Security denying disability benefits.  (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  On March 24, 2020, the Court reviewed Plaintiff's application and found that it did not provide sufficient information for

1

1 the Court to determine if he was entitled to proceed in this action without prepayment of fees.
2 (ECF No. 3.)

3     Specifically, Plaintiff's initial IFP application proffered that: (1) his wife receives income
4 in the amount of $2,000.00 per month; (2) he owns a house valued at approximately $250,000.00
5 with a monthly mortgage payment of $719.00; (3) he owns a 2017 Ford F150 valued at
6 $47,000.00; (4) he owns a 2012 Mercedes valued at $27,000; (5) he pays $302.00 per month for
7 utilities and cell phone; (6) he pays $68.00 per month for credit card payments; (7) he pays
8 $100.00 per month in gas; and (8) he pays $300.00 per month in car insurance.  (ECF No. 2.)
9 Thus, Plaintiff claimed $2,000 per month in income, and $1,489 in expenses.  While the value of
10 the cars was provided, the amount of the monthly payment was not provided.  Rather, Plaintiff
11 indicated an adult son pays for the car payments.  Plaintiff also indicated that the adult son paid
12 for the monthly mortgage payment as well.  Plaintiff also stated he has a twelve year old son who
13 is dependent upon him for support.  Given the stated income and the content of the application,
14 the Court found the application did not demonstrate that Plaintiff was entitled to proceed without
15 prepayment of fees in this action.  (ECF No. 3.)  Plaintiff was ordered to file a long form
16 application to proceed *in forma pauperis* within twenty days of March 24, 2020.  (Id.)

17     On April 10, 2020, Plaintiff filed a long form application, however, the information
18 submitted in the April 10, 2020 application was inconsistent with that contained in the March 16,
19 2020 application.  (ECF Nos. 2, 4.)  In the March 16 application, Plaintiff stated that his wife
20 received a monthly income of $2,000.00 per month.  (ECF No. 2.)  In the April 10 application,
21 Plaintiff stated that his wife had no income over the last 12 months but further down in the
22 application stated that she was making $2,500.00 per month between January 1, 2020, and March
23 25, 2020.  (ECF No. 4 at 2.)  Plaintiff indicated his wife's work ended because it was only
24 seasonal.  (Id. at 5.)  The application now stated Plaintiff's house was worth $220,000.00, rather
25 than $250,000.00, as indicated in the previous application.  (Id. at 3.)  Plaintiff no longer
26 indicated that the the monthly mortgage payment of $720.00 was being paid for by the adult son,
27 however, still indicated that the son pays for the car payments on the Ford truck and Mercedes,
28 in the amount of $535.00 and $640.00 per month, respectively.  (Id. at 4.)  In addition to the

2

1  mortgage payment of $720.00, Plaintiff also listed the following expenses: (1) $400.00 for
2  utilities; (2) $1,000.00 for food; (3) $100.00 for clothing; (4) $40.00 for laundry and dry
3  cleaning; and (5) $100.00 for transportation. (Id. at 4-5.) The total monthly expenses were thus
4  $2,360.00, not including the car payments which were paid by the adult son.

5  On April 13, 2020, based on the inconsistent information contained in the application and
6  the significant expenses listed, Plaintiff was ordered to either pay the filing fee or file a long
7  form application to proceed *in forma pauperis* within twenty days of entry of the order. (Id.)
8  Plaintiff was also advised that pursuant to Rule 11 of the Federal Rules of Civil Procedure, by
9  presenting a pleading, written motion, or other paper to the Court he is certifying that to the best
10 of his knowledge, information, and belief, formed after an inquiry reasonable under the
11 circumstances: "(1) it is not being presented for any improper purpose, such as to harass, cause
12 unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and
13 other legal contentions are warranted by existing law or by a nonfrivolous argument for
14 extending, modifying, or reversing existing law or for establishing new law; (3) the factual
15 contentions have evidentiary support or, if specifically so identified, will likely have evidentiary
16 support after a reasonable opportunity for further investigation or discovery; and (4) the denials
17 of factual contentions are warranted on the evidence or, if specifically so identified, are
18 reasonably based on belief or a lack of information." Fed. R. Civ. Proc. 11(b).

19 On May 4, 2020, Plaintiff filed another long form IFP application. (ECF No. 6.) In the
20 first portion of the application, Plaintiff now does list income from his spouse in the last 12
21 months in the amount of $2,000.00, but again inconsistently lists the previous income as totaling
22 $2,500.00 per month between the period of January 1, 2020, and March 25, 2020, in the next
23 portion of the application. (ECF No. 6 at 2.) Plaintiff's expenses are approximately the same as
24 the previous application, however Plaintiff does now incorporate the two car payments paid by
25 the son into the total sum of monthly expenses. Plaintiff lists: (1) $720.00 for the mortgage; (2)
26 $390.00 for utilities; (3) $1,000.00 for food; (4) $100.00 for clothing; (5) $40.00 for laundry and
27 dry cleaning; (6) $100.00 for transportation; (7) $640.00 for a Mercedes vehicle; and (8) $535.00
28 for a Ford truck. (ECF No. 6 at 4.) The monthly expenses thus total $3,525.00, but omit the

1  $300.00 per month insurance payment listed in the initial application.  (ECF No. 6 at 5.)
2  Plaintiff also attaches a declaration from his adult son, who declares that he helps pay all bills
3  when his parents cannot do so, and indicates he is paying all of the above listed expenses, aside
4  from the $240.00 listed for laundry, transportation and clothing, and thus pays $3,285.00 per
5  month for the monthly expenses.  (ECF No. 6-1 at 2.)  Plaintiff also attaches a payroll document
6  demonstrating a weekly gross income of $1,100.04 for the adult son.  (Id. at 3.)

7  Based on the inconsistencies in the three applications that had been filed and what
8  appeared to be significant expenses beyond the necessities of life that would counter a finding of
9  poverty, the Court required Plaintiff to file additional long form application that is completed
10 consistently and thoroughly, as well as supplemental documentation supporting the allegations of
11 poverty within twenty days of May 14, 2020.  (ECF No. 7.)

12 Plaintiff did not file a long form application within the established deadline, and on June
13 11, 2020, an order issued requiring Plaintiff to show cause within fourteen days why this action
14 should not be dismissed for failure to comply and failure to pay the filing fee in this action.
15 (ECF No. 8.)  On June 22, 2020, Plaintiff filed an untimely long form application to proceed
16 without prepayment of fees but did not include the documentation required by the May 14, 2020
17 order.  (ECF No. 9.)

**II.**

**DISCUSSION**

20 In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an
21 affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C.
22 § 1915(a)(1).  In assessing whether a certain income level meets the poverty threshold under
23 Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the
24 Department of Health and Human Services.  See, e.g., Lint v. City of Boise, No. CV09-72-S-
25 EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).  The 2020
26 Poverty Guidelines for the 48 contiguous states for a household of three is $21,720.00.  2020
27 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 13, 2020).

28 In his March 16, 2020 application, Plaintiff indicated that his wife had income of

4

$2,000.00 per month, expenses were $1,489.00 with his son helping to pay the mortgage. (ECF No. 2.)  Based on this application, it appeared that Plaintiff was not entitled to proceed without prepayment of fees given that his family income of $24,000.00 was in excess of the poverty guidelines for a family of three of $21,720.00 and the expenses listed provided for the payment of the $400.00 fee, however, the Court ordered Plaintiff to file a long form application to determine if the family income was available to plaintiff and sufficient to assist in paying the fee. See Escobedo v. Applebees, 787 F.3d 1226, 1228 (9th Cir. 2015) ("it is an abuse of discretion to deny an IFP application based upon a spouse's financial resources, unless there is a reasonable inquiry into (a) whether the spouse's resources are actually available to the would-be plaintiff and (b) whether the spouse in fact has sufficient funds, given his or her own expenses, to assist in paying the fee").

"To proceed in forma pauperis is a privilege not a right." Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965).  In enacting the *in forma pauperis* statute, "Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (internal quotations and citations omitted).  "At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (internal quotations and citation omitted).

In applying the *in forma pauperis* statute, the "court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities . . . [b]ut, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984) (internal citations omitted); see also Salat v. Wilson, No. 2:16-CV-03018-APG-

5

1  PAL, 2017 WL 4269958, at *1–2 (D. Nev. Sept. 26, 2017).  "[T]here is no bright-line
2  demarcation [but] [a]t bottom, the recipe to be utilized must be one in which ingredients of
3  fairness and human decency are brewed in a cauldron of economic reality." Temple, 586 F.
4  Supp. at 850.  "If an applicant has the wherewithal to pay court costs, or some part thereof,
5  without depriving himself and his dependents (if any there be) of the necessities of life, then he
6  should be required, in the First Circuit's phrase, to 'put his money where his mouth is . . .
7  [c]onversely, if a contribution towards such expenses is outside an applicant's means or would so
8  deplete his resources as to work a deprivation of basic human needs, resort to forma pauperis is
9  entirely appropriate." Id. at 851 (internal quotations and citations omitted).

10       Here, based upon the review of Plaintiff's applications to proceed without prepayment of
11 fees, the Court has expressed concern regarding Plaintiff's inconsistent statement and his
12 significant property interests.  Specifically, Plaintiff property includes a home valued at
13 $220,000.00 to $250.000.00, a 2017 Ford F150 valued at $47,000.00, and a 2102 Mercedes
14 valued at $27,000.00.  Plaintiff has stated that his wife makes $2,000.00 per month and
15 $2,500.00 per month.  This discrepancy could potentially be explained by Plaintiff meaning that
16 his wife receives a net of $2,000.00 and a gross of $2,500.00 which indicates that the family
17 income is $28,000.00 well above the poverty level for a family of three.  But additionally,
18 Plaintiff stated his wife was employed through March 2020 and inconsistently stated that she had
19 no income for the past twelve months.  Although Plaintiff lists that there are monthly payments
20 for his house and cars, he indicates in some of his applications that these payments are made by
21 his adult son.  Further, the Court has found that Plaintiff's claimed expenses seem in excess of
22 what would be expected given that he is alleging poverty in this action.

23       While "a plaintiff need not demonstrate that he is completely destitute . . . his poverty
24 must prevent him from paying the filing fee and providing his dependents with the necessities of
25 life." Andres v. Carmona, No. 1:19-CV-00744-DAD-JLT PC, 2019 WL 4920957, at *1 (E.D.
26 Cal. July 11, 2019).  "A showing of something more than mere hardship must be made." Id.
27 (internal citations omitted).  It is within the court's discretion to make a factual inquiry into a
28 plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling

to verify his poverty. United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). "[I]t is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness, and certainty." Id. (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960)). Further, "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source." Evans v. Sherman, No. 119CV00760LJOJLTPC, 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995)); see also Kurz v. Zahn, No. 1:11-CV-00342-EJL, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on her list of monthly obligations, even generously construed, be considered as the 'necessaries of life.' ").

Due to the numerous inconsistencies with the applications filed and the appearance that Plaintiff's application contradicts his allegations of poverty, the Court ordered Plaintiff to file a long form application and provide supporting documentation demonstrating his expenses and income from January 1, 2020, the date that Plaintiff asserted his spouse's most recent job began, through May 14, 2020. (ECF No. 7 at 6.) Despite this requirement to provide documentation to support the allegations of poverty, Plaintiff did not include such documentation in his application. Rather he included the same declaration from his adult son that was included in the May application and his son's pay stub.

In the current application, Plaintiff states that his wife made $2,000.00 per month during the previous twelve months and next month she is expected to receive $696.00 in unemployment benefits. (ECF No. 9 at 1-2.) Plaintiff states that his wife worked from January 1, 2020 through March 25, 2020 making $2,500.00 per month. However, Plaintiff did not provide documentation regarding either his wife's income or her grant of unemployment benefits. In the current application, Plaintiff states that his son is making the car payments and helps them with the $1,000.00 in food expenses each month. (Id.) While Plaintiff provided a declaration from his son that he helps with his parents bills when they are not able to make their payments, this does not establish that Plaintiff is entitled to proceed in this action without prepayment of fees. As the Court has previously found, Plaintiff's expenses for his cars, house, and the amount alleged to be on expenses each month are inconsistent with Plaintiff's allegations of poverty. Plaintiff

provided the wage statement for his son, but did not include any documentation of Plaintiff's expenses or his spouses income as required by the May 14, 2020 order.  Finally, although Plaintiff stated that his wife is will be receiving $696.00 in unemployment benefits, the Court takes judicial notice of the CARES act which provides an additional $600.00 per week for benefits received between March 29 and July 25, 2020.[1]   See https://edd.ca.gov/about_edd/coronavirus-2019/cares-act.htm (last visited June 26, 2020). Therefore, does not appear that Plaintiff's statement that his wife will be receiving $696.00 in income next month is accurate.  Under normal circumstances, the Court would provide Plaintiff with the opportunity to explain this discrepancy, but Plaintiff has already been provided with three prior opportunities to clear up the discrepancies in his multiple applications and has failed to do so.  Rather, each time Plaintiff files a new application additional discrepancies are noted.

Finally, Plaintiff was informed that he was required to document his income and expenses and failed to do so and Plaintiff did not file a response or otherwise respond to the order requiring him to show cause why this action should not be dismissed for the failure to comply with the May 14, 2020 order or pay the filing fee.

Based on the foregoing, the Court finds that Plaintiff has not demonstrated that he is entitled to proceed in this action without prepayment of fees.  Plaintiff has now filed four applications to proceed without prepayment of fees without demonstrating that he is entitled to proceed in this action without prepayment of the fees and has not complied with the order that Plaintiff provide documentation of his income and expenses.  While the order to show cause suggested that this action should be dismissed for Plaintiff's failure to comply with the May 14, 2020 order to file a long form application, Plaintiff did file an untimely application, although the documentation did not comply with the May 14, 2020 order.  The finds that at this time dismissal is not appropriate and Plaintiff should be provided with the opportunity to pay the filing fee in this action.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's applications to

---

[1] Courts may take judicial notice of information displayed on government websites.  Daniels –Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).

proceed in this action without prepayment of fees, filed March 16, 2020; April 10, 2020; May 4, 2020; and June 22, 2020 be DENIED and Plaintiff be ordered to pay the filing fee in this action.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2020**

UNITED STATES MAGISTRATE JUDGE